Dear Mrs. Kelly:
This opinion is in response to your questions asking:
 1) What is the proper disposition of cash bail bonds, where the accused is charged with the violation of a state traffic penal statute and fails to appear before the court on the date set for trial and he has not signed the appearance, plea of guilty, and waiver on the back of the Uniform Traffic Ticket?
 2) What is the proper disposition of cash bail bonds, where the accused is charged with the violation of a state traffic penal statute and fails to appear before the court on the date set for trial and he has signed the appearance, plea of guilty, and waiver on the back of the Uniform Traffic Ticket?
The only difference in your questions is whether the accused has or has not signed the appearance, plea of guilty and waiver.
Missouri Supreme Court Rule 37.485, states:
 (a) Whenever any officer shall arrest a party without a warrant for a misdemeanor involving the operation of a motor vehicle at a time when the magistrate court of the county in which the offense occurred is not in session, the sheriff of the county in which the offense was committed may take bail which shall be not less than sixteen dollars nor more than two hundred dollars in accordance with the bail schedule established by the magistrate having jurisdiction over the offense. If the arrested party posts such bail, a recognizance shall be taken for his appearance before the court in which the same is cognizable on the first day the court is next in session to answer the charge stated against him in the Uniform Traffic Ticket, and he shall be released from custody and he may consent in writing to be tried in his absence if he does not appear.
 (b) If the person recognized does not appear before the magistrate according to the condition of the recognizance the magistrate shall record the default, but the default may be set aside by the magistrate on the appearance of the person recognized and for good cause shown, at any time to which the examination may be continued by the magistrate. In case the default is not set aside and the party has consented to a trial in his absence, the magistrate may proceed with the trial and render judgment as he may find the facts to be and if the party is adjudged guilty assess such fine against him as is authorized by law. The amount of bail posted shall be declared forfeited, and after payment of court costs, the balance disposed of as a fine assessed in court. [Emphasis added.]
It is our view that this rule covers both of the situations that you present. Therefore, if the party has consented to be tried in absentia a fine may be assessed against him and, if not, the bail may be declared forfeited. In either case, court costs are deducted and the clear proceeds are to be distributed pursuant to Article IX; Section 7, Missouri Constitution, which provides that "[T]he clear proceeds of all penalties, forfeitures and fines collected hereafter for any breach of the penal laws of the state, . . ., shall be distributed annually to the schools of the several counties according to law." See, also, Section 166.131, RSMo Supp. 1984.
We note that there may be some question with respect to whether or not this rule violates the provisions of Article IX, Section 7. See, Gross v. Gentry County, 8 S.W.2d 887 (Mo. banc 1928); State ex rel. Rodes v. Warner, 94 S.W. 962 (Mo. 1906). However, the unconstitutionality of such a rule is not clear and, accordingly, we do not believe we should assume the responsibility of declaring such a rule to be invalid. Any question you have in this respect, we believe, should be addressed to the Supreme Court for examination under its continuous rule-making authority.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General